NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.Z., *a minor by his Guardian Ad Litem* KAREN ZACCAI and KAREN ZACCAI, *Individually*,<br><br>  Plaintiffs,<br><br>v.<br><br>SIX FLAGS GREAT ADVENTURE, LLC, *et al.*,<br><br>  Defendants. | CIVIL ACTION NO. 16-3621 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

### Introduction

Minor Plaintiff J.Z. was allegedly injured after he was struck in the face by an object while riding a water slide at Six Flags Great Adventure theme park in Jackson, New Jersey. (Dkt. 1-1 at 3–4.)[1] Plaintiff Karen Zaccai, J.Z.'s mother, sued Six Flags Great Adventure, LLC ("Six Flags" or "Defendant"[2]) for damages arising out of that alleged injury in both her personal capacity and on behalf of J.Z. as his Guardian Ad Litem. (Id. at 4–5.)

Six Flags has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss certain of the Plaintiffs' claims. First, Six Flags has moved to dismiss any claim

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.
[2] The Complaint names only Six Flags as a defendant. The other defendants listed in the caption are designated as fictitious persons or entities.

arising out of an alleged breach of <u>implied</u> warranty as inadequately pleaded.  Second, Six Flags has moved to dismiss any claim arising out of an alleged breach of <u>express</u> warranty as inadequately pleaded.  Finally, Six Flags has moved to dismiss any claim brought by the Plaintiffs on a failure-to-warn theory on the grounds that such claims are barred by the New Jersey Products Liability Act ("NJPLA").  The Plaintiffs have not responded to Six Flags' Motion to Dismiss and have not moved to amend their Complaint.

The Court agrees that Plaintiffs have failed to satisfy the minimal pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure for any claim arising out of an alleged breach of implied or express warranty.  The Court also agrees that Plaintiffs' failure-to-warn claims must be dismissed insofar as they are claims under the NJPLA.

Accordingly, the Defendant's motion is granted in part.  The Plaintiffs may file an Amended Complaint by October 28, 2016 without seeking leave from the Magistrate Judge to do so.  If no such amended pleading is filed, the Plaintiffs' claims arising out of breach of an express or implied warranty will be dismissed with prejudice.  Further, to the extent the Plaintiffs' Complaint includes claim(s) brought under the NJPLA, those claims are dismissed with prejudice.  The Court resolves this motion without oral argument.  <u>See</u> L.Civ.R. 78.1(b).

**DISCUSSION**

**I.     Breach of Warranty Claims**

    **A.  Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  In order to survive a motion to dismiss, a plaintiff must state a claim for relief that is plausible on its face.

2

See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility exists when the factual content related to the claim permits the Court to draw a reasonable inference that a defendant is liable for the alleged misconduct. Id. Judicial experience and common sense guide that determination. Id. at 679. Although the Court must accept all factual allegations as true, the Court need not do the same for legal conclusions. Id. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. Id.

### B. Adequacy of the Plaintiffs' Allegations

As drafted, the Plaintiffs' Complaint fails to state a claim for breach of implied or express warranty. The Complaint contains few factual allegations, which are essentially as follows: (1) minor plaintiff J.Z. was a paying customer at Six Flags; (2) a Six Flags employee charged with supervising J.Z.'s use of the water slide "mis-instructed him in the proper mode and method of using the ride"; (3) J.Z. was not advised or warned that the instructions he received could potentially result in injury; (4) J.Z. was struck in the face and injured by an object while riding the water slide despite following the employee's instructions; and (5) another Six Flags employee told J.Z. that the ride operator had given him the wrong instructions as to how to position his arms. (Dkt. 1-1 at 3–4.)

Against this factual backdrop, the Complaint alleges several legal theories of harm, and specifically that Six Flags and/or its agents, servants, or employees: (1) "operate[d] and maintain[ed] the amusement ride/machine . . . in a negligent and careless manner"; (2) "fail[ed] to warn plaintiff of the dangers or risks associated with his use of the ride"; (3) "improperly instruct[ed] the plaintiff as to the manner to occupy and use the ride";

3

(4) "permit[ted] the ride to operate in a manner that it was likely to cause injury to a person using it in the expected fashion"; and (5) "in other ways act[ed] negligently in the performance of their duties."  (Id. at 3–4.)

The Complaint does not contain any specific allegations regarding the existence of any implied or express warranty between the Plaintiffs and Six Flags.  Indeed, the word "warranty" does not appear in the Complaint at all.  There are no allegations related to the nature and content of any express or implied warranties, nor any allegations regarding whether the Plaintiffs relied on any such warranties.  In that regard, the Plaintiffs have not even alleged a "threadbare recital[] of a cause of action's elements," let alone factual allegations that "plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

The Court holds that the Plaintiffs' claims for breach of express or implied warranty as currently pleaded must be dismissed for failing to state a claim upon which relief can be granted.[3]  The Plaintiffs, however, may file an Amended Complaint by October 28, 2016 without seeking permission from the Magistrate Judge to do so.  If the Plaintiffs do not filed an Amended Complaint by that date, their claims against Six Flags for breach of express or implied warranty will be dismissed with prejudice.  If the Plaintiffs do file an Amended Complaint to assert such claims, Six Flags will be entitled to make a new motion directed to the amended pleading under Rule 12(b)(6).

---

[3] In light of this holding, the Court need not rule on the Defendant's alternative argument that an action for breach of implied warranty is not a viable cause of action under New Jersey law.  (Dkt. 3-4 at 11–13.)

4

## II. Failure-to-Warn Claims

### A. Legal Standard

Product liability actions in New Jersey are brought pursuant to the New Jersey Product Liability Act ("NJPLA").  See N.J.S.A. § 2A:58C-1, et seq.  The NJPLA states that a "manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves . . . that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose," including if the product "failed to contain adequate warnings or instructions."  Id. § 2A:58C-2.  The NJPLA created a single statutory cause of action for harm caused by a defective product.  See Clements v. Sanofi-Aventis, U.S., Inc., 111 F. Supp. 3d 586, 596–97 (D.N.J. 2015).  Other common-law causes of action related to product liability, with the exception of breach of express warranty, have been subsumed into the NJPLA.  See id.

As a general rule, product liability claims brought under the NJPLA may only proceed against a manufacturer or seller of a product.  N.J.S.A. § 2A:58C-2.  A "product seller" under the NJPLA does not include "a provider of professional services in any case in which the sale or use of a product is incidental to the transaction and the essence of the transaction is the furnishing of judgment, skill or services."  Id. § 2A:58C-8.  This provision carves out an exception to who may be found liable under the NJPLA for harms caused by defective products.  New Jersey state appellate courts have previously concluded, albeit in unpublished opinions, that Six Flags is not a "product seller" of amusement park rides under the NJPLA.  See Morgan v. Six Flags Great Adventure, L.L.C., No. A-2547-11T2, 2013 WL 2300979, at *1 (N.J. Super. Ct. App. Div. May 28, 2013) (affirming trial court determination that

5

Six flags "was not a proper defendant under the [NJPLA] because it did not "design, manufacture, or sell the ride, but merely sold licenses for admissions to its premises"); see also Doerflein v. Six Flags Great Adventure, No. A-0522-04T2, 2006 WL 392980, at *3 (N.J. Super. Ct. App. Div. Feb. 22, 2006) (explaining that NJPLA definition of product seller explicitly excludes entities like Six Flags). These cases are in line with other rulings concluding that businesses may not be liable under the NJPLA for injuries caused by defective products incidental to their business. See e.g., Ranalli v. Edro Motel Corp., 690 A.2d 137, 139 (N.J. Super. Ct. App. Div. 1997) (declining to extend scope of NJPLA liability to motel owner whose guest was injured by hotel cooking utensil).

### B. Plaintiffs' Failure-to-Warn Allegations

Among other contentions, the Complaint alleges that: (1) Plaintiff J.Z. was not warned that the "manner in which he was instructed to use the ride had the potential to result in serious injury;" and (2) that Six Flag employees failed to warn J.Z. of the dangers and risks associated with his use of the ride. (Dkt. 1-1 at 3–4.) Six Flags argues that these failure-to-warn claims fall entirely within the scope of the NJPLA, which they contend "prohibits negligence claims based upon the absence of warnings against entities that have not manufactured or sold a product." (Dkt. 3-4 at 15.)

Defendant's argument is partly correct: to the extent the Plaintiffs' Complaint contains a product liability claim under the NJPLA under a failure-to-warn theory, that claim must be dismissed because Six Flags is not a "product seller" of amusement park rides under the NJPLA. See Morgan, 2013 WL 2300979, at *1. On the other hand, the fact that the Plaintiffs' NJPLA claim(s) here cannot proceed against Six Flags does not preclude them

6

from pursuing claim(s) arising out of the allegedly negligent failure of Six Flags employees to warn the Plaintiffs of potential dangers associated with using particular amusement rides.

Six Flags contends that any claim "sounding in a failure-to-warn" has been subsumed by the NJPLA. (Dkt. 3-4 at 15.) But the plain language of the NJPLA makes clear that it covers causes of actions arising out of harm caused by defective <u>products</u>, not harm caused by the negligent actions of employees. <u>See</u> N.J.S.A. § 2A:58C-1 (defining "Product liability action" as "any claim or action brought by a claimant for harm caused <u>by a product</u>, irrespective of the theory underlying the claim . . .") (emphasis added). Where, as here, the Complaint alleges harm arising from the negligent conduct of Six Flags employees rather than a defective product, the NJPLA does not bar recovery to those claims. This Court recently drew that distinction in another case involving Six Flags. *See* <u>Guillen v. Six Flags Great Adventure, LLC</u>, No. CV142091KMJBC, 2015 WL 9582141, at *5 (D.N.J. Dec. 29, 2015) (explaining that <u>Doerflein</u> "merely held that an amusement park . . . was excluded from the scope of the NJPLA because it did not manufacture or sell the product. It did not hold that the plaintiff was barred from suing the amusement park owner for the owner's own negligence."). Indeed, construing the NJPLA to subsume any conceivable negligence action would be "close to a claim that there is no such thing as an action against an amusement park based on injuries sustained on a ride." <u>See</u> <u>id.</u>

Accordingly, to the extent the Plaintiffs' Complaint raises an NJPLA product liability claim under a failure-to-warn theory, that claim is dismissed with prejudice.

7

## CONCLUSION

For the reasons discussed above, the Court will grant in part the Defendant's Motion to Dismiss Fewer than All Claims from the Plaintiffs' Complaint (dkt. 3).  The Court will issue an appropriate order.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  September 28, 2016